***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, reverses the Opinion and Award of the Deputy Commissioner, and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into at the hearing as: *Page 2 
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, with Defendant-Employer regularly employing three or more employees at all times relevant to these proceedings.
2. As of May 18, 2007, an employment relationship existed between the parties.
3. As of May 18, 2007, Defendant-Carrier provided workers' compensation insurance coverage to Defendant-Employer, with Allied Claims Administration serving as the administrator.
4. Plaintiff contends that on May 18, 2007, he sustained a compensable injury to his right ankle.
5. As of May 18, 2007, Plaintiff's average weekly wage was $494.93, yielding a compensation rate of $329.96.
6. The parties stipulated to the following documents being admitted into evidence as stipulated exhibits:
 a. Stipulated Exhibit One: Pre-Trial Agreement;
 b. Stipulated Exhibit Two: North Carolina Industrial Commission forms and filings listed in the "Stipulated Pleadings Index;"
 c. Stipulated Exhibit Three: Plaintiff's medical records;
 d. Defendants' Exhibit One: "Position Description" form for Security Officer Level II position;
 e. Defendants' Exhibit Two: Plaintiff's discovery responses;
 f. Defendants' Exhibit Three: "Accident/Incident Report" form; *Page 3 
 g. Defendants' Exhibit Four: "Claim Summary — Payments" printout concerning Plaintiff's workers' compensation claim.
 *********** ISSUES
1. Whether Defendants wrongfully utilized a Form 63 in order to terminate Plaintiff's workers' compensation benefits?
2. Whether Plaintiff's claim for additional workers' compensation benefits is time-barred under N.C. Gen. Stat. §§ 97-25.1 and/or97-47?
 ***********
Based upon the competent and credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 48 years old, with a date of birth of April 13, 1962. Plaintiff completed the 11th grade and received his general equivalency diploma (GED). In October 2003, Plaintiff began working for Defendant-Employer as a security officer.
2. On May 18, 2007, Plaintiff was working for Defendant-Employer as a security officer when he fell and injured his right ankle while descending a set of steps in the course of making his rounds. He notified Defendants of his work injury on May 31, 2007. On that same day, Defendants authorized and provided Plaintiff with medical treatment.
3. On June 5, 2007, Mr. Jason Lindsey Ferris, a physician's assistant with Blue Ridge Orthopaedics Sports Medicine, P.A., diagnosed Plaintiff with a work-related right ankle sprain. PA Ferris prescribed Plaintiff an air cast to wear and medications for pain. In addition, *Page 4 
PA Ferris released Plaintiff to return to work with the following restrictions: remain seated with limited walking, do not climb, run, or jog, and elevate the right leg.
4. Defendants offered Plaintiff a position that accommodated his work restrictions and instructed him to report to work on June 13, 2007. Plaintiff did not return to work on that date due to health problems ultimately requiring his admission to the hospital on June 14, 2007. Plaintiff did not provide Defendants with a copy of any medical records associated with his June 14, 2007 hospital admission, or make any claim that his May 18, 2007 work injury necessitated this hospitalization.
5. As of June 20, 2007, PA Ferris released Plaintiff to return to full-duty work without restrictions. On that same date, Plaintiff returned to work for Defendant-Employer in his pre-injury position as a security officer. Plaintiff continued to work for Defendant-Employer as a security officer for the next 19 months without any further right ankle problems.
6. On June 28, 2007, Defendants filed a Form 63 "Notice to Employee of Payment of Compensation Without Prejudice," a Form 61 "Denial of Workers' Compensation Claim," and a Form 28 "Return to Work Report." These forms have an Industrial Commission file stamp date of July 2, 2007. The Full Commission finds credible the testimony of Ms. Julie Hughes, Defendants' adjuster, that she inadvertently listed June 13, 2007 on the Form 28 as the date that Plaintiff returned to full-duty work, rather than June 20, 2007. Plaintiff was prejudiced by this clerical error.
7. Pursuant to the Form 63 process which allows payment of temporary total disability without prejudicing Defendants' right to later deny the claim, Defendants gave notice of payment of one day of temporary total disability compensation, representing the time Plaintiff was out of work due to his injury beyond the seven day waiting period. Defendants issued to *Page 5 
Plaintiff a check in the amount of $47.13 for the one day of temporary total disability owed. The payment of compensation under a Form 63 payment without prejudice procedure does not constitute an award of the Commission.
8. On the Form 61 filed simultaneously with the Form 63 Defendants stated: "We acknowledge a compensable fall occurred on May 18, 2007, and we are providing medical treatment for resulting injury. We admit disability from June 5, 2007 to June 12, 2007. We deny disability from June 13, 2007 to June 19, 2007, any disability during this time is not Workers' Compensation related. There may be other bases for contesting liability, which may be asserted as a defense at a later date." The Full Commission finds that the language quoted above which Defendants included on the Form 61 operates as an admission of the compensability of Plaintiff's May 18, 2007 workers' compensation claim and of disability for a specified period of time, giving the Industrial Commission jurisdiction over Plaintiff's claim.
9. Since Plaintiff returned to work without restrictions in his same job, the Form 28 was properly filed. Plaintiff did not make any attempt to obtain additional temporary total disability compensation from Defendants for over two years after the last payment of temporary total disability compensation.
10. On July 3, 2007, Plaintiff last sought medical treatment in connection with his May 18, 2007 work injury. At that visit, PA Ferris noted that Plaintiff could continue working full-duty without restrictions, and that Plaintiff's diagnosis remained a right ankle sprain. On August 3, 2007, Plaintiff had a scheduled appointment with PA Ferris; however, Plaintiff did not show up for this appointment, and he did not request additional medical treatment in connection with his May 18, 2007 work injury for more than two years. *Page 6 
11. On September 7, 2007, Defendants last issued payment for medical expenses incurred in connection with Plaintiff's May 18, 2007 work injury. On October 9, 2007, Defendants filed a Form 28B giving Plaintiff notice of the payment of final indemnity compensation on June 29, 2007 and final medical compensation on August 31, 2007. The Form 28B advised Plaintiff that if he did not give notice in writing to the Industrial Commission of a claim for further compensation within two years, his rights to further benefits may be lost. Defendants provided Plaintiff with a copy of all the forms that they filed with the Industrial Commission.
12. On the line of the Form 28B designated to list the number of weeks of permanent partial disability and the dates of payment, Defendants typed "N/A." However, no rating of Plaintiff's ankle has been issued.
13. On or about February 2, 2009, Plaintiff voluntarily resigned his employment with Defendant-Employer. Plaintiff's resignation was unrelated to his May 18, 2007 work injury. From February 2, 2009 through November 3, 2009, Plaintiff made no attempt to seek additional workers' compensation benefits. Plaintiff did, however, pursue an unemployment compensation claim and a federal discrimination claim against Defendant-Employer during this time period.
14. On November 3, 2009, Plaintiff filed a Form 18 giving notice of a claim for additional workers' compensation benefits. This Form 18 states that Plaintiff "broke right ankle at work;" however, all of the medical records in connection with his May 18, 2007 work injury indicate that Plaintiff only sprained his right ankle. At the time Plaintiff filed this Form 18, it was more than 28 months since the last payment of temporary total disability compensation and nearly 26 months since the last payment of medical compensation. *Page 7 
15. According to Plaintiff, he reported ongoing ankle problems to several of his health care providers, but they refused to provide treatment for these complaints upon learning that he sustained a work injury to his right ankle, and that his complaints may also be related to his May 18, 2007 work injury. Plaintiff also contends that he was unable to seek additional workers' compensation benefits due to alleged direct and/or indirect misconduct of Defendants in handling his claim. The Full Commission finds, based upon the greater weight of the evidence, that Plaintiff's testimony concerning the reasons for his failure to seek or obtain further medical care for his right ankle and his failure to file a claim for additional workers' compensation benefits within two years after receipt of the last compensation check is not credible.
16. The Deputy Commissioner only decided the issue of whether Plaintiff's claim was barred by the applicable law. He indicated on the record that if the Commission has jurisdiction to hear the claim, a hearing will be conducted on the remaining issues.
17. The Full Commission finds as fact that on May 18, 2007, Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with Defendant-Employer to his right ankle, resulting in a right ankle sprain. Although placed on the Form 61, Defendants admitted the compensability of Plaintiff's injury by accident and that he was disabled for a specified period of time, but denied disability after June 13, 2007.
18. The Full Commission finds, based upon the greater weight of the evidence, that Defendants provided Plaintiff with all medical treatment reasonably required to effect a cure, to give relief, and/or to lessen his period of disability with respect to his compensable ankle injury.
19. Although Plaintiff failed to return for his follow-up orthopaedic appointment on August 3, 2007 with PA Ferris, Defendants were not prevented from obtaining a permanent *Page 8 
partial impairment rating of his ankle injury. Therefore this case remains open on the question of whether Plaintiff has any permanent partial impairment related to his injury. The Form 28B did not close Plaintiff's claim. Plaintiff is entitled to a rating which Defendants could obtain through a record review.
20. Since Plaintiff's case still remains open, the Full Commission is of the opinion that this case should be remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner to obtain a rating and to gather evidence, including deposition testimony, if necessary, on any remaining issues.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Although Plaintiff did not file his claim within two years, the Industrial Commission has jurisdiction over this claim pursuant to Defendants' admission of compensability and a specified period of disability on the Form 61. Therefore, on May 18, 2007, Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with Defendant-Employer to his right ankle. N.C. Gen. Stat. § 97-2(6) (2010).
2. Plaintiff's May 18, 2007 work injury resulted in a sprain to his right ankle. Defendants provided Plaintiff with all medical treatment reasonably required to effect a cure, to give relief, and/or to lessen his period of disability with respect to his compensable work injury, until he was released to return to full duty work and thereafter failed to return for his scheduled medical appointment and failed to request additional medical treatment for more than two years. N.C. Gen. Stat. §§ 97-2(19),97-25, 97-25.1 (2010). *Page 9 
3. Plaintiff's claim for additional medical compensation is governed by the provisions of N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. § 97-25.1 (2010). A plaintiff's right to additional medical compensation terminates two years after the "last payment of medical or indemnity compensation unless, prior to the expiration of this period, either: (i) the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission, or (ii) the Commission on its own motion orders additional medical compensation." N.C. Gen. Stat. § 97-25.1 (2010). Because Plaintiff did not seek additional medical compensation in connection with his May 18, 2007 work injury and the North Carolina Industrial Commission did not, on its own motion, order Defendants to provide additional medical compensation prior to the expiration of the two-year period, Plaintiff's right to additional medical compensation terminated as his claim was not timely filed under N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. § 97-25.1 (2010).
4. The provisions of N.C. Gen. Stat. § 97-47 do not apply to this case because there has been no previous final award. N.C. Gen. Stat. § 97-47 does not apply to an interlocutory award.Beard v. Blumenthal Jewish Home, 87 N.C. App.58, 359 S.E.2d 261 (1987), cert denied,321 N.C. 471, 364 S.E.2d 918 (1988). Defendants have admitted to the compensability of Plaintiff's claim and to disability from June 5, 2007 to June 12, 2007. Since there has been no permanent partial impairment rating given, there has been no final award in this case.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. The North Carolina Industrial Commission has jurisdiction over this claim. *Page 10 
2. The Full Commission hereby remands this case to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner to obtain a rating and to gather evidence, including deposition testimony if necessary, on any remaining issues. The Deputy Commissioner shall order a transcript and submit the evidence gathered to the Full Commission for entry of an Opinion and Award.
3. No costs are assessed at this time.
This the ___ day of February 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1